# Jacob Clutzbeher et ux., Plffs. in Err., v. Union Passenger Railway Co.

Where a boy jumped on the front platform of a car to "steal a ride" without knowledge or permission of the driver and was killed, in jumping off while the car was in motion and while the driver, who was also conductor, was looking after another boy on the rear platform,—*held*, that the railroad company was not liable.

(Decided November 9, 1885.)

Error to the Common Pleas of Allegheny County to review a judgment of nonsuit for defendant. Affirmed.

This action was commenced by Jacob and Hannah Clutzbeher against the Union Passenger Railway Company to recover for alleged carelessness and negligence in a driver of one of the defendant's horse cars, causing the death of their minor son Charles. It appeared from the evidence that Charles and a schoolmate, Willie Glassburner, in returning home from school jumped on the platform of defendant's car to "steal a ride." The horses were going at a rapid gait when Willie jumped on the rear platform. The driver, acting also as conductor, started back through the empty car to order him off, when Charles jumped on the front platform. The driver called to Willie on the back platform and he jumped off. He then started back to the front of the car and Charles, seeing him coming, jumped from the platform and was killed.

Defendant's counsel moved the court for judgment of compulsory nonsuit on the grounds: (1) That the boy was a trespasser; (2) that there was not sufficient negligence shown on part of the car driver to entitle the plaintiffs to recover; (3) that, if there was negligence, the boy contributed to it, and plaintiffs cannot recover; and the motion was granted.

The same day the plaintiff moved the court to take off the judgment of nonsuit, assigning as reasons:

1. That the court erred in entering the judgment upon the

NOTE.—As to alighting while the car is in motion, see note to Beattie v. Citizens' Pass. R. Co. *post*, 244.

A child who is a tresspasser cannot recover for injury sustained unless it be wilful or wanton. Feehan v. Dobson, 10 Pa. Super. Ct. 6; Gillespie v. McGowan, 100 Pa. 144, 45 Am. Rep. 365; McMullen v. Pennsylvania R. Co. 132 Pa. 107, 19 Am. St. Rep. 591, 19 Atl. 27; Rodgers v. Lees, 140 Pa. 475, 12 L. R. A. 216, 23 Am. St. Rep. 250, 21 Atl. 399.

evidence produced by the plaintiff, which at least showed clearly facts from which negligence can be inferred; and the facts were for the jury.

2. The evidence established negligence on part of defendant, through the driver, in abandoning the front platform on a populous street of the city, at a time when school children were returning along the avenue from school.

3. The evidence disclosed negligence, and that was for the jury.

This motion was refused, and plaintiffs brought error.

*A. M. Watson,* for plaintiffs in error.—I. The rule upon a motion to nonsuit is, that the plaintiff is entitled to the benefit of every inference of fact which the jury might draw from the evidence, the defendant being considered as admitting every fact which the evidence tends to prove. Maynes v. Atwater, 88 Pa. 497. When there is any evidence which would justify an inference of the disputed fact, it must go to the jury; but not when there is no evidence which would justify an inference. Smyth v. Craig, 3 Watts & S. 14; Howard Exp. Co. v. Wile, 64 Pa. 201; Philadelphia & R. R. Co. v. Heil, 5 W. N. C. 91.

Guided by such a rule, the evidence of the plaintiffs clearly charged negligence on the defendant.

II. Speaking of children getting on the platform of the cars, Justice WILLIAMS says: "If they got on without the driver's permission, instead of consenting that they might remain on the platform, it was his duty to compel them to go inside the car, or to stop and put them off; and if the plaintiff was injured by his negligence in allowing them to ride on the platform, the company is clearly liable for the injury, unless the plaintiff's negligence contributed to produce it. But negligence cannot be imputed to one who has not sufficient capacity or discretion to understand the danger, to use the proper means to guard against it." Pittsburg, A. &. M. Pass. R. Co. v. Caldwell, 74 Pa. 421.

Negligence is the absence of proper care, caution, and diligence; of such care, caution, and diligence as, under the circumstances, reasonable and ordinary prudence would require to be exercised. Fritsch v. Allegheny, 91 Pa. 226; McLaughlin v. Corry, 77 Pa. 109, 18 Am. Dec. 432.

The fact that a plaintiff is a trespasser or a violator of the law does not, of itself, discharge another from the observance

of due and proper care towards him, or the duty of so exercising his own rights as not to injure the plaintiff unnecessarily. Lovett v. Salem & S. D. R. Co. 9 Allen, 561; Hilliard, Torts, 2d ed. 160.

Neither will it necessarily preclude the plaintiff from a recovery against a party guilty of negligence. Lovett v. Salem & S. D. R. Co. 9 Allen, 561; Kerwhacker v. Cleveland, C. & C. R. Co. 3 Ohio St. 172, 62 Am. Dec. 246.

Even an adult trespassing on cars, stealing a ride, has redress when expelled from the platform by the conductor while the train is moving. Pennsylvania Co. v. Toomey, 91 Pa. 256.

*W. R. Sewell,* for defendant in error.—I. The controlling feature of the inquiry in all such cases is: Was there a duty to the plaintiff which was violated by the defendant? If there was not, there is no legal liability. Unless the duty of protection is owed, the omission to furnish it is not negligence. Baltimore & O. R. Co. v. Schwindling, 101 Pa. 263, 47 Am. Rep. 706.

If the plaintiff's case fail to show the omission of any duty incumbent on the defendant, a nonsuit will be entered. Philadelphia & R. R. Co. v. Schertle, 97 Pa. 450; Clark v. Philadelphia & R. R. Co. 5 W. N. C. 119; Jennings v. Pennsylvania R. Co. 93 Pa. 337; Philadelphia & R. R. Co. v. Yerger, 73 Pa. 121; Drayton v. North Pennsylvania R. Co. 10 W. N. C. 55; Baker v. Fehr, 97 Pa. 70.

Whether a given state of facts is sufficient to constitute negligence is a question of law for the court. Goshorn v. Smith, 8 W. N. C. 289; Moore v. Pennsylvania R. Co. 99 Pa. 301, 44 Am. Rep. 106; Cauley v. Pittsburgh, C. & St. L. R. Co. 98 Pa. 498.

Negligence alone is not a sufficient cause of action without a breach of duty. Dutton v. Powles, 31 L. J. Q. B. N. S. 191.

In Gillis v. Pennsylvania R. Co. 59 Pa. 143, 98 Am. Dec. 317, SHARSWOOD, J., says: "But he was where he had no legal right to be," and then, describing those to whom a duty was owing, he continues: "As to all others, they were liable only for wanton or intentional injury."

In Philadelphia & R. R. Co. v. Hummell, 44 Pa. 375, 84 Am. Dec. 457, the same distinction was made by STRONG, J. In all these cases and many more it is laid down very decidedly

that it makes no difference whether the person injured was an adult or a child. The absence of duty is the same in either case. Kay v. Pennsylvania R. Co. 65 Pa. 276, 3 Am. Rep. 628; Philadelphia & R. R. Co. v. Spearen, 47 Pa. 300, 86 Am. Dec. 544; Hargreaves v. Deacon, 25 Mich. 1; Morrissey v. Eastern R. Co. 126 Mass. 377, 30 Am. Rep. 686; Gillespie v. McGowen, 30 Pittsb. L. J. 50; Moore v. Pennsylvania R. Co. 11 W. N. C. 310.

II. There was not sufficient evidence of negligence on the part of the car driver shown by plaintiff to entitle them to recover.

The plaintiff, to entitle it to recover, must prove negligence on the part of the defendant. Philadelphia & R. R. Co. v. Heil, 5 W. N. C. 93; McCully v. Clarke, 40 Pa. 407, 80 Am. Dec. 584; Philadelphia & R. R. Co. v. Hummell, 44 Pa. 375, 84 Am. Dec. 457.

A mere scintilla of evidence will not justify a submission of a case to the jury. Philadelphia & R. R. Co. v. Schertle, 97 Pa. 450; Howard Exp. Co. v. Wile, 64 Pa. 205; Elliott v. Lycoming County Mut. Ins. Co. 66 Pa. 27, 5 Am. Rep. 323; Cunningham v. Smith, 70 Pa. 459; Pennsylvania R. Co. v. Shay, 82 Pa. 202.

A railway company is not bound to take extraordinary precautions to guard against injury to a trespasser. Pennsylvania R. Co. v. Lewis, 79 Pa. 33; Hestonville Pass. R. Co. v. Connell, 6 W. N. C. 514.

III. If there was negligence, the boy contributed to it, and plaintiff cannot recover. It must be the defendant's exclusive negligence. Waters v. Wing, 59 Pa. 213; Philadelphia & R. R. Co. v. Yerger, 73 Pa. 124.

PER CURIAM:

This is an unfortunate transaction resulting in the death of the boy. The decision, however, of the court is clearly right. The boy got on the front platform without the permission or knowledge of the driver. He had no right to be there. He jumped off while the car was in motion and before the driver saw or knew that he had been on the car. All this occurred while the driver, who also acted as conductor, was looking after another boy who had got on the rear platform without right.

Judgment affirmed.